MURPHY TRANSFER & STORAGE CO., PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11554.   Promulgated August 23, 1927.

1. Architect's fees for drawing building plans which were completed in 1921, and discarded in that year are deductible from gross income of 1921 where books of account are kept upon the accrual basis, even though the plans were not actually paid for in full until 1922.

2. An amount reimbursed to the president and principal stockholder for miscellaneous business expenses paid by him in connection with the work of the corporation *held* to be a legal deduction from gross income.

*Gustavus Loevinger, Esq.*, and *Maurice W. Stoffer, Esq.*, for the petitioner.

*J. Harry Byrne, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits tax for 1921, the amount in controversy being less than $10,000. The errors alleged in the petition are that the respondent erroneously added to the petitioner's net income for 1921 architect's fees in the amount of $687.22, and business expenses in the amount of $1,000.

FINDINGS OF FACT.

The petitioner is a Minnesota corporation, which is engaged in a general transfer and storage business. They are principally in the cities of Minneapolis and St. Paul.

In 1921 the petitioner contemplated the erection of a two-story garage. It employed an architect to draw plans and prepare specifications. The architect's estimate was that the cost of erection would not be in excess of $45,000 or $50,000. After the plans and specifications had been submitted to various contractors during the year 1921, the lowest bid received was around $62,000 or $63,000 and the petitioner then decided not to erect the building. The plans were discarded. When the architect submitted his plans he sent a bill for part payment of $1,152.78. Prior to the close of 1921, and after the petitioner had decided not to build the garage, it sent a check for $1,100 to the architect in the belief that this would be satisfactory to him. Edward L. Murphy, president of the petitioner corporation, then went to California for the winter. While there he was informed by his son-in-law that the architect was dissatisfied with the fee and claimed that an amount was still owing him. Murphy advised his son-in-law to inform the architect that he would settle with the

architect upon his return from California in March. In March the petitioner paid the architect $687.22 in addition to the amount already paid which was the full amount claimed by the architect. The petitioner kept its books of account upon the accrual basis and since the accounts for 1921 had been closed by March of 1922, the payment of the $687.22 was charged to surplus in order not to affect the earnings of the year 1922. In its income-tax return for 1921 the petitioner claimed the deduction of $687.22 in question which has been disallowed by the respondent.

Edward L. Murphy was and is president and principal stockholder of the petitioner corporation. As such officer he spent during the year 1921 large amounts of money for the corporation, of which he kept no account. The president often had to go out into the country with the corporation's automobiles. On such trips he bought gasoline and paid for same out of his own pocket. Often on such trips he would have parties of customers or business people with him whom he had to entertain and the amounts spent for such entertainment were paid by him personally. He frequently also took his business associates to theatres and other places of entertainment. All of these expenditures were for the corporation and not merely social affairs of particular interest to Murphy himself. The amounts spent averaged something like $6 or $7 a day during the year 1921. In December, 1921, the corporation reimbursed Murphy to the extent of $1,000 for the business expenses which had been paid by him and charged the same to general expense and in its income-tax return for 1921 claimed the amount as a deduction from gross income. This was disallowed by the respondent for lack of evidence that it was a business expense.

OPINION.

SMITH: The petitioner kept its books of account upon the accrual basis. In 1921 it employed an architect to draw plans and prepare specifications for a garage building which during the year 1921 it definitely abandoned the idea of building on account of the cost thereof upon the plans prepared. The cost of the plans is a legal deduction from gross income in income-tax returns in a case of this sort. *Appeal of C. U. Connellee*, 4 B. T. A. 359; *Continental Trust Co.* v. *Commissioner*, 7 B. T. A. 539. Although the respondent admits that the amount paid to the architect in 1921 is a legal deduction from the gross income of 1921, he contends that the additional amount paid in 1922 is not a deduction from gross income because it represents a compromise settlement of the architect's claim and that there was no accrual of the liability until the year 1922. The evidence clearly shows that the liability existed in 1921. There was no compromise of the liability. The petitioner paid the architect the full amount

of the fee claimed by him. Since the petitioner kept its books of account and made its returns upon the accrual basis the amount paid in 1922 is a legal deduction from the gross income of 1921.

The evidence clearly shows that the president of the corporation in 1921 incurred business expenses for the corporation for which he was reimbursed to the extent of $1,000 by the corporation. The $1,000 reimbursed constituted an ordinary and necessary expense of the corporation and was a legal deduction from gross income of 1921.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by LITTLETON.